# **<u>EXHIBIT B</u>**

FILED
9/10/2021 11:59 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

Case 5:21-cv-01024   Document 1-2   Filed 10/22/21   Page 2 of 12

# 2021CI19192
NO._____

| | | |
|---|---|---|
| REBECCA BALDERAS<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT<br>Bexar County - 225th District Court |
| v. | §<br>§ | _____ JUDICIAL DISTRICT |
| PANDA EXPRESS, INC.,<br>Defendant. | §<br>§ | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## AND INITIAL REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES REBECCA BALDERAS, hereinafter called "Plaintiff," complaining of and about PANDA EXPRESS, INC., hereinafter called "Defendant," and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, REBECCA BALDERAS, hereinafter referred to as "Plaintiff," is a resident of Bexar County, San Antonio, Texas.

3. Defendant, PANDA EXPRESS, INC., hereinafter referred to as "Defendant," is a foreign for-profit corporation, registered to do business in Texas. Service of process on Defendant may be effected pursuant to sections 5.201 and 5.255 of the TEXAS BUSINESS ORGANIZATIONS CODE, by serving the registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201, its registered office. Service of said Defendant as described above can be effected by personal delivery. **Citation is hereby requested.**

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this Court. Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's injuries and damages, at a time when the full nature and scope of Plaintiff's injuries and damages have been more fully explored and explained. However, Rule 47(c) of the TEXAS RULES OF CIVIL PROCEDURE prematurely requires that a statement be made by Plaintiff at this time, in order to place Plaintiff's lawsuit within one of the categories pre-determined by said Rule. Therefore, only to comply with the requirements of Rule 47(c), Plaintiff state monetary relief of over $250,000.00, but not more than $1,000,000.00, in an amount to be determined solely by the jury, is being sought. Plaintiff reserves the right to request from the jury such amount as it determines to be fair and reasonable under the circumstances in this case at the time of trial.

5. This Court has jurisdiction over the parties because Plaintiff is a Texas resident and Defendant is authorized to do business in this State.

6. Venue in Bexar County is proper in this cause under Section 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

7. At all times material to this cause of action, Defendant owned and/or controlled the property in question. Specifically, the property in question is a restaurant located at 5738 Walzem Road, San Antonio, Bexar County, Texas, 78218, and owned by PANDA EXPRESS, INC.

8. On or about September 11, 2019, at the above-described property, Plaintiff was entering upon said premises as a patron of PANDA EXPRESS, INC. While ambulating on Defendant's property, Plaintiff slipped, fell, and was seriously injured as a result of a dangerous

2

condition created by cracked concrete and uneven pavement, near the entrance located on the premises.

## PREMISES CLAIM BY INVITEE

9. Defendant was the owner of and/or controlled the premises referred to as PANDA EXPRESS, INC., located at 5738 Walzem Road, San Antonio, Bexar County, Texas, 78218.

10. Plaintiff entered Defendant's premises with Defendant's knowledge and for their mutual benefit.

11. A condition on Defendant's premises posed an unreasonable risk of harm. Specifically, Defendant allowed the cracked concrete the near the entrance to develop and create a dangerous, uneven surface and remain unrepaired, permitting a slip condition to exist in a high foot-traffic area where Defendant knew or should have reasonably expected pedestrians and/or customers similarly situated to Plaintiff to be ambulating or walking about, creating a foreseeable risk.

12. Defendant knew or reasonably should have known of the cracked concrete and uneven pavement, as Defendant's numerous managers, staff, agents, servants, and various employees were the persons best situated to know of the conditions existing on the subject property, as well as the persons charged with the responsibility of ensuring the subject property was safe for their customers and/or the general public, such as Plaintiff.

13. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendant breached the duty of ordinary care by negligently permitting the floor/ground to become cracked and uneven, negligently or willfully allowing such condition to continue, and negligently or willfully failing to warn Plaintiff of the dangerous condition. This condition existed despite the fact that

Defendant or Defendant's agents knew or should have known of the existence of this dangerous condition and that there was likelihood of a person being injured.

## PREMISES CLAIM BY LICENSEE

14. In the alternative to the foregoing claim, Plaintiff was a licensee on Defendant's premises.

15. Defendant was the owner of and/or controlled the premises located at 5738 Walzem Road, San Antonio, Bexar County, Texas, 78218.

16. Plaintiff entered Defendant's premises with Defendant's consent. Specifically, Plaintiff, who entered Defendant's property at the subject location for her own benefit and purposes, had an implied license to enter onto the subject property because Defendant's property at the subject location was open to the general public, a class of persons that includes Plaintiff.

17. A condition on Defendant's premises posed an unreasonable risk of harm. Specifically, Defendant allowed cracked pavement to create a an uneven surface, causing a dangerous condition to exist in a high foot-traffic area where Defendant knew or should have reasonably expected pedestrians and/or customers similarly situated to Plaintiff to be ambulating or walking about, creating a foreseeable risk.

18. Defendant knew or reasonably should have known of the cracked and uneven pavement on the floor/ground, as Defendant's numerous managers, staff, agents, servants, and various employees were the persons best situated to know of the conditions existing on the subject property, as well as the persons charged with the responsibility of ensuring the subject property was safe for their customers or the general public, such as Plaintiff.

19. Plaintiff was unaware of the cracked and uneven pavement, which was the dangerous condition created by Defendant's negligence.

4

20. Defendant breached the duty of ordinary care by neither adequately warning Plaintiff of the condition nor making the condition reasonably safe. Defendant breached the duty of ordinary care by negligently permitting the floor/ground to become cracked and uneven, negligently or willfully allowing such condition to continue, and negligently or willfully failing to warn Plaintiff of the dangerous condition. This condition existed despite the fact that Defendant or Defendant's agents knew or reasonably should have known of the existence of this dangerous condition and that there was likelihood of a person being injured.

## DAMAGES

21. Defendant's breach of duty directly and proximately caused Plaintiff to incur injuries to both knees and back, which resulted in the following damages:

- A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;
- B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;
- C. Lost wages in the past;
- D. Physical pain and suffering in the past;
- E. Physical pain and suffering in the future;
- F. Mental anguish in the past;
- G. Mental anguish in the future;
- H. Physical disfigurement in the past;
- I. Physical disfigurement in the future;
- J. Physical impairment in the past;
- K. Physical impairment in the future; and,

22. By reason of the above, Plaintiff suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## INITIAL REQUEST FOR DISCLOSURE

23. Pursuant to Rules 194 and 195 of the TEXAS RULES OF CIVIL PROCEDURE, all parties named herein are to disclose, within thirty (30) days following the first Answer or general appearance of Defendant, the information and material described in the TEXAS RULES OF CIVIL PROCEDURE 194.2 and 195.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, REBECCA BALDERAS, respectfully prays that Defendant, PANDA EXPRESS, INC., be cited to appear and answer herein, and that, upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant, for monetary relief sought herein; together with pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court and any such other and further relief to which Plaintiff may be justly entitled, at law or in equity.

Respectfully submitted,

By: */s/ Desi I. Martinez*
Desi I. Martinez
Texas Bar No. 24053342
desi.martinez@martinez-law.com
MARTINEZ & ASSOCIATES, PLLC
2828 Goliad Road, Suite 125
San Antonio, Texas 78223
Tel. (210) 359-8250
Fax (210) 359-8255

Attorney for Plaintiff,
REBECCA BALDERAS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joel Perez on behalf of Desi Martinez
Bar No. 24053342
joel.perez@martinez-law.com
Envelope ID: 57132674
Status as of 9/10/2021 2:14 PM CST

Associated Case Party: Rebecca Balderas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Raul Corrales | | Raul.corrales@martinez-law.com | 9/10/2021 11:59:10 AM | SENT |
| Desi IMartinez | | desi.martinez@martinez-law.com | 9/10/2021 11:59:10 AM | SENT |
| Monica PMendoza | | monica.mendoza@martinez-law.com | 9/10/2021 11:59:10 AM | SENT |
| Joel Perez | | joel.perez@martinez-law.com | 9/10/2021 11:59:10 AM | SENT |

FILED
10/18/2021 10:20 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Teresa Diaz
Bexar County - 225th District Court

Case 5:21-cv-01024   Document 1-2   Filed 10/22/21   Page 9 of 12

CAUSE NO. 2021CI19192

| | | |
|---|---|---|
| REBECCA BALDERAS<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | BEXAR COUNTY, TEXAS |
| PANDA EXPRESS, INC.<br>Defendant. | §<br>§<br>§ | 225TH  JUDICIAL DISTRICT |

**DEFENDANT PANDA EXPRESS, INC.'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant PANDA EXPRESS, INC. files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I.   General Denial

1.  Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II.   Affirmative Defenses

2.  Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3.  Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4.  Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

1

HOULITIGATION:1806134.1

5. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

6. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

7. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.  Duty to Disclose

8. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff has a duty to disclose, within thirty days of service of this request, the information or material described in Rule 194.2(a)-(l) and the documents described in Rule 194.4 of the Texas Rules of Civil Procedure.

### IV.  Prayer

FOR THESE REASONS, Defendant PANDA EXPRESS, INC. respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant PANDA EXPRESS, INC. and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

MEHAFFYWEBER, P.C.

By:/s/*Maryalyce W. Cox*
Maryalyce W. Cox
State Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEYS FOR DEFENDANT
PANDA EXPRESS, INC.

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on October 18, 2021, pursuant to the Texas Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox

3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Qiana Moore on behalf of Maryalyce Cox
Bar No. 24009203
QianaMoore@MehaffyWeber.com
Envelope ID: 58266349
Status as of 10/19/2021 11:45 AM CST

Associated Case Party: Rebecca Balderas

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Monica PMendoza | | monica.mendoza@martinez-law.com | 10/18/2021 10:20:38 AM | SENT |
| Desi IMartinez | | desi.martinez@martinez-law.com | 10/18/2021 10:20:38 AM | SENT |
| Joel Perez | | joel.perez@martinez-law.com | 10/18/2021 10:20:38 AM | SENT |
| Raul Corrales | | Raul.corrales@martinez-law.com | 10/18/2021 10:20:38 AM | SENT |

Associated Case Party: Panda Express Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Carmen Garcia | | edocket@mehaffyweber.com | 10/18/2021 10:20:38 AM | SENT |
| Qiana Moore | | QianaMoore@MehaffyWeber.com | 10/18/2021 10:20:38 AM | SENT |
| Maryalyce Cox | | MaryalyceCox@MehaffyWeber.com | 10/18/2021 10:20:38 AM | SENT |